JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. and SLING TV L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> MARCELINO CHELINO PADILLA and DANNY CONTRERAS, <br><br> Defendants. | Case No. 8:24-cv-01028-JVS-ADS <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION [20]** |

Before the Court is the Agreed Motion for Entry of Final Judgment and Permanent Injunction filed jointly by Plaintiffs DISH Network L.L.C and Sling TV L.L.C. and Defendants Marcelino Chelino Padilla and Danny Contreras (collectively "the Parties"). The Court **GRANTS** the motion and **ORDERS** as follows:

1. Judgment is entered against Defendants, and for Plaintiffs, on Count I of the complaint which allege Defendants' violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(2) for trafficking in streaming services that are accessed using the vSeeBox and Tanggula set-top boxes (the

"Services"), that capture and retransmit Plaintiffs' channels, without authorization, by circumventing Plaintiffs' security measures.

2. Plaintiffs are awarded damages of $1,250,000.00 against Marcelino Chelino Padilla ("Padilla"), which is calculated at $2,500 under 17 U.S.C. § 1203(c)(3)(A) for each of the 500 Services sold by Padilla. The Parties agreed that this Order does provide an award of damages against Defendant Danny Contreras.

3. Defendants, and any officer, agent, servant, employee, or other person acting in active concert or participation with them that receives actual notice of the Order, from:

    A. manufacturing, offering to the public, providing, or otherwise trafficking in the Services, vSeeBox and Tanggula set-top boxes, or any other technology, product, service, device, component, or part thereof that:

        i. is primarily designed or produced for circumventing any digital rights management ("DRM") technology or other technological measure that Plaintiffs use to control access to or protect against copying of a copyrighted work;

        ii. has at best only limited commercially significant purpose or use other than circumventing any DRM technology or other technological measure that Plaintiffs use to control access to or protect against copying of a copyrighted work; or

        iii. is marketed for circumventing any DRM technology or other technological measure that Plaintiffs use to control access to or protect against copying of a copyrighted work; or

    B. intentionally disclosing, endeavoring to disclose, using, or endeavoring to use Plaintiffs' channels knowing or having reason to know that they were obtained through interception.

4. This permanent injunction takes effect immediately.

**Final Judgment and Permanent Injunction**

5. Plaintiffs' causes of action under the DMCA, 17 U.S.C. § 1201(b)(1) [Count II] and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(c), (d), and 2520 [Count III] are hereby dismissed against Defendants with prejudice.

6. Each party is to bear its own attorney's fees and costs.

7. The Court retains jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

Dated: July 05, 2024

_____
HONORABLE JAMES V. SELNA
United States District Judge